UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EUNICE MARSHALL
SEWELL, JR.,

    Plaintiff,

v.

LINDA LOVELACE, et. al.,

    Defendants.

Case No. 23-11623
Honorable Laurie J. Michelson

**ORDER ADOPTING REPORT AND RECOMMENDATION [45] AND DISMISSING THE CASE**

On July 7, 2023, Calvin Eunice Marshall Sewell, Jr. filed this *pro se* 42 U.S.C. § 1983 lawsuit alleging that Defendants, various employees of the G. Robert Cotton Correctional Facility, violated his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs. (ECF No. 1.) All pretrial matters in this case were referred to Magistrate Judge Kimberly Altman. (ECF No. 18.) On April 1, 2025, Judge Altman issued a Report and Recommendation to (1) grant Defendants Blalock, Cobb, Fetters, McMillian, Nagy, Ulch, and White's motion for summary judgment, (2) grant Defendant Lovelace's motion to dismiss, (3) grant Defendant Latour's motion for summary judgment, and (4) *sua sponte* dismiss Defendant Patrice. (ECF No. 45.)

In her Report and Recommendation, Judge Altman explained that while it was undisputed that Sewell did not exhaust his grievances through Step III of the MDOC grievance process, the question was whether MDOC's failure to respond to the

grievances Sewell *did* submit rendered the process unavailable to him such that his failure to exhaust should be excused. (*See* ECF No. 45, PageID.271–272 (citing *Lamb v. Kendrick*, 52 F.4th 286, 292–293 (6th Cir. 2022).) As for that issue, Judge Altman reasoned that "here, there is evidence that Sewell attempted to appeal at least some of his unprocessed grievances to Step II" but there is "no evidence that he pursued any of these grievances to Step III, despite allegedly receiving no Step I or II responses." (*Id.* at PageID.274.) And while Sewell did contact the prison staff who processed Step III grievances, he "did not include his Step I grievances or even state the issues those grievances pertained to." (*Id.*) Thus, concluded Judge Altman, "Sewell has not shown enough to oppose defendants' evidence that his grievances were never filed" and, further, "Sewell failed to follow MDOC procedure and appeal his grievances to Step III after the MDOC allegedly failed to respond to them." (*Id.*)

At the end of her Report and Recommendation, Judge Altman notified the parties that they were required to file any objections within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.276.)

Since Sewell was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies here, so Sewell's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing

2

some time for the Court to receive objections that Sewell may have mailed, it has now been 30 days since the Recommendation was served. No objections have been filed.[1]

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court

---

[1] The Court notes that on April 25, 2025, Sewell did file an untimely response to Lovelace's motion to dismiss and Latour's motion for summary judgment. (ECF No. 46.) This document does not purport to be an objection to Judge Altman's recommendation. Nor does it specifically object to any part of Judge Altman's analysis. Rather, it mainly reiterates the allegations set forth in Sewell's complaint. Sewell does, however, advise that "he did in fact respond to all motions filed" in this matter and seems to allege that prison staff may have prevented the timely delivery of his mail. (ECF No. 46, PageID.278.) But he fails to attach or otherwise provide these responses. And, in any event, this Court finds that Judge Altman reasonably addressed, and ultimately rejected, Sewell's argument that the grievance process was unavailable to him. (*See* ECF No. 45, PageID.271 ("[I]t is uncontested that Sewell did not exhaust grievances against any defendant through Step III of the grievance process. At issue is whether . . . MDOC's failure to respond to submitted grievances rendered the process unavailable for the purposes of exhaustion.").)

3

further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of Judge Altman's Report and Recommendation and accepts the recommended disposition. (ECF No. 45.) It follows that Blalock, Cobb, Fetters, McMillian, Nagy, Ulch, and White's motion for summary judgment is GRANTED. (ECF No. 27.) Likewise, Lovelace's motion to dismiss (ECF No. 31) and Latour's motion for summary judgment (ECF No. 39) are also GRANTED. Further, for the reasons detailed in Judge Altman's Report and Recommendation, this Court will *sua sponte* dismiss Patrice due to Sewell's failure to exhaust. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: May 1, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE